## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Sep 25 2018, 10:27 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

David Becsey
Zeigler Cohen & Koch
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General

Ellen H. Meilaender
Supervising Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Kim Townsend,<br>*Appellant-Defendant,*<br><br>v.<br><br>State of Indiana,<br>*Appellee-Plaintiff* | September 25, 2018<br><br>Court of Appeals Case No.<br>18A-CR-1046<br><br>Appeal from the Marion Superior Court<br><br>The Honorable Helen Marchal, Judge<br><br>Trial Court Cause No.<br>49G15-1601-F6-734 |

**Crone, Judge.**

[1] Kim Townsend appeals her convictions for level 6 felony resisting law enforcement and level 6 felony operating a vehicle as a habitual traffic violator. Townsend contends that the trial court erred in excluding a video of her arrest by police officers after a car chase. Finding no error, we affirm.

[2] Around 5:00 p.m. on January 6, 2016, a Marion County sheriff's deputy saw Townsend make a turn in her vehicle without using a turn signal. The deputy "activated his emergency equipment to initiate a traffic stop on the vehicle." Tr. Vol. 2 at 38. Townsend, who knew that her driving privileges were suspended, initially stopped her vehicle. But as the deputy approached her car, Townsend "sped off at a high rate of speed." *Id*. at 39. The deputy pursued Townsend with his "lights and siren going[,]" and several other law enforcement vehicles joined the pursuit. *Id*. at 47. Townsend, who was driving "[e]rratic[ally,]" led the officers on a circuitous chase through city streets for approximately ten minutes until she stopped in an alley behind her residence. *Id*. at 44. As Townsend ran toward the back door, officers arrested her.

[3] The State charged Townsend with level 6 felony resisting law enforcement (knowingly fleeing from a law enforcement officer after the officer, by visible or audible means, identified himself and ordered her to stop) and level 6 felony operating a vehicle as a habitual traffic violator (operating a motor vehicle while knowing that her driving privileges were suspended as a habitual traffic violator). Before trial, the State moved to exclude a surveillance video of Townsend's arrest, contending that it was irrelevant to the charges and had "the danger of confusing the issues of the case and creating unfair prejudice."

Appellant's App. Vol. 2 at 163. Townsend objected, arguing that the video showed that the force used to subdue her justified her concern for her safety and her failure to stop. The trial court remarked, "Well I can see the relevance if it was a resist by force or a battery on an officer[…]; I am not seeing the relevance that it has to operating as a habitual traffic violator and resist by fleeing." Tr. Vol. 2 at 8. The court granted the State's motion, and Townsend made an offer to prove during trial. The jury found her guilty as charged, and the court sentenced her to 545 days, all suspended except for time served.

[4] On appeal, Townsend argues that the trial court committed reversible error in excluding the video, claiming that it violated her constitutional right to present a defense. The decision to admit or exclude evidence is a matter within the trial court's sound discretion. *Green v. State*, 65 N.E.3d 620, 630 (Ind. Ct. App. 2016), *trans. denied* (2017). "An abuse of discretion occurs where the trial court's decision is clearly against the logic and effect of the facts and circumstances of the case or misinterprets the law." *Id*. "We afford an evidentiary decision great deference upon appeal and reverse only when a manifest abuse of discretion denies the defendant a fair trial." *Id*.

[5] "While a defendant has a constitutional right to present a defense, this right is not absolute." *James v. State*, 96 N.E.3d 615, 618 (Ind. Ct. App. 2018), *trans. denied*. "In the exercise of this right, the accused, as is required of the State, must comply with established rules of procedure and evidence designed to assure both fairness and reliability in the ascertainment of guilt and innocence." *Id*. (quoting *Roach v. State*, 695 N.E.2d 934, 939 (Ind. 1998) (quoting *Chambers v.*

*Mississippi*, 410 U.S. 284, 302 (1973)). "One such rule requires that the evidence presented by the parties be relevant." *Id*. "Evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Ind. Evidence Rule 401. "Irrelevant evidence is not admissible." Ind. Evidence Rule 402.

[6] Townsend argues that "[t]he charge of fleeing placed into issue [her] state of mind" and that "[n]ot allowing her to play the video of her arrest for the jury tipped the scales of justice unfairly in favor of the State." Appellant's Br. at 9. Townsend cites no authority for the proposition that concern for one's safety is a valid defense to the crime of resisting law enforcement by fleeing. Moreover, as the State points out, the crime was completed before Townsend's arrest occurred. In sum, the video of Townsend's arrest was irrelevant, and the trial court did not abuse its discretion in excluding it. Therefore, we affirm.

[7] Affirmed.

Najam, J., and Pyle, J., concur.